**HAMMOND et, Plaintiffs, v. RICHARDS, Exr., etc., Defendants.**

Common Pleas Court, Madison County.

No. 21056. Decided November 19, 1959.

Jackman, Nichols & Grubbs, London, for plaintiffs.
Robert E. Albright, Columbus, for defendant executor.
Richards & Richards, Columbus, for defendant Herman Hammond.
J. Robert Tanner, guardian ad litem for Linda Lee Finger.

## OPINION

By BAYNES, J.

Plaintiffs' petition, filed April 14, 1959, alleges, in a first cause of action, they are the owners of an undivided one-fourth interest in a 179-acre tract of land. That the defendants have unlawfully kept them out of possession since 1941 to plaintiffs' damage in the sum of $30,000.

The second cause of action is for plaintiffs' share of the rents and profits since 1941 as to which an accounting is sought and judgment for such sum as found due them.

The third cause of action is for partition.

A guardian ad litem has been appointed for defendant Linda Lee Finger, a minor, over 14 years of age. An answer has been filed for her in form of a general denial.

Defendant Herman Hammond's answer alleges that Pete Hammond, deceased, purchased the 179-acre tract in November, 1940, for $16,200. Title was taken in his name and wife Theresa. At the time title was taken, two purchase money mortgages were executed in the total sum of $12,700.

That Theresa died in November, 1941, with an undivided one-half interest in the 179 acres, subject to the mortgages. That in December, 1952, an affidavit of transfer was recorded transferring her interest, 1/3 of ½, (1/6), to Pete Hammond (Theresa's surviving spouse), 1/6 each to plaintiff Fred Hammond, Lewis Hammond, Freda Emswiler and Beatrice Finger (deceased parent of Herman Hammond and Linda Lee Finger). That the mortgages, after the decease of Theresa, were paid by Pete Hammond, deceased, and defendant Herman Hammond.

That in October, 1952, plaintiffs and their spouses conveyed their interest in the premises to Pete Hammond, deceased, and that they have no interest in the 179 acres. Otherwise the plaintiffs' allegations are denied.

Defendant Executor of the estate of Pete Hammond generally makes the same allegations as the defendant Pete Hammond. In addition he alleges that Pete Hammond died February 21, 1959, and that he is the duly appointed, qualified and acting executor of his estate. That plaintiffs have no interest in the 179 acres. Otherwise he generally denies plaintiffs' allegations.

Plaintiffs' reply was filed, upon leave, July 11, 1959. It admits the payment of the mortgages by some person or persons. It admits that plaintiffs signed the deed set out in defendants' answers, but claims the same invalid for failure of the witnesses to see grantees sign it, for want of acknowledgment before the Notary Public and fraudulent misrepresentation on the part of defendant Herman Hammond. They conclude they are still seized of an undivided one-fourth of the 179 acres.

On October 9, 1959, defendant executor demurred to the reply as to the first and second causes of action for the reason that plaintiffs fail to allege a presentment of claim to the executor within four months after the date of his appointment as provided for by §2117.06 R. C., or that the action is otherwise authorized by §2117.07 R. C.

As to the third cause of action defendant executor demurs for the reason that plaintiffs' reply is a departure from and is inconsistent with the petition.

The demurrer to this first and second causes of action raises the question of this Court's jurisdiction to hear and determine the case. Not that the Court does not have general jurisdiction of the subject matter of the action, but because the allegations are insufficient to confer jurisdiction of **the subject of the action.** See **14 O. Jur. 2d, 518, Sec. 101.** Secs. 2117.06 and 2117.07 R. C., state the condition precedent conferring jurisdiction of the subject of the action, which is mandatory.

**Sec. 2309.10 R. C.,** provides:

"When on the face of the petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it, except only that the court has no jurisdiction of the **subject of the action** and that the petition does not state facts which show a cause of action." (Emphasis ours.)

We have no doubt that there comes a time when, if a judgment has become final, that an objection to the subject of the action is concluded. But the above statute does not preclude the raising of an objection to the court's jurisdiction of the subject of the action in any timely manner authorized by law. The filing of a demurrer to the reply is authorized by §2309.25 R. C., which provides:

"The defendant may demur to the reply, or to a separate denial or avoidance therein of a defense or counted claim, on the ground that on its face it is insufficient in law."

We perceive no logical difficulty in applying or relating, as they pertain, the allegations of the reply to the responsive allegations of the answer to each of the three causes of action set out in the petition. But even though this were not so, the general rule is that a general demurrer to a reply searches the whole record, putting in issue the sufficiency of the petition. **State, ex rel. v. Crites, 48 Oh St 142, 169, 26 N. E. 1052; 31 O. Jur. 802, Sec. 217.** To have it otherwise would, in proper cases, be to ignore the obvious to the detriment of the courts, the parties or anyone remotely affected by the proceedings.

It is contended on behalf of defendant executor that when plaintiffs admit they attempted to convey or did convey legal title of their interest to executor's decedent, such admission is contradictory to their

naked conclusion that they are, "seized in fee simple with an undivided one-fourth in fee simple." Such admission is inconsistent with and contradictory to the allegations of the petition and constitutes a departure or new cause of action.

Departure in a subsequent pleading is defined as:

"The statement of new matter as a cause of action or defense which is not pursuant to, or does not savor of, the previous pleading of the same party." **31 O. Jur. 581, 797, Secs. 47, 214.**

It appears that the rule in Ohio is, and it surely ought to be, that a departure may be attacked either by motion or demurrer. **31 O. Jur. 801, Sec. 216.** It is most pertinent in the instant case, especially with regard to the defendant executor. The alleged fraudulent conduct is not alleged as to executor's decedent, but to a stranger to the title, defendant Herman Hammond. Obviously, and of necessity, the allegations of fraudulent conduct are insufficient in law to cast a burden on the defendant executor. The reply therefore would come within the provisions of §2309.25 GC, above quoted, and available to defendant executor in the pleading stages of the case.

If it can be assumed, for purposes of argument, that there is no departure and that the alleged fraudulent act is imputable to defendant executor's decedent, the claim of fraud and damages therefore would constitute one of those claims subject of presentation to decedent's personal representative within four months as required by §2117.06 **R. C.,** previously referred to.

In so far as the statute is concerned, it makes no difference whether the alleged fraudulent acts arise out of a contract (the execution of the deed), or under a theory of tort, or both. Fraud, which connotes an intentional act, has the ultimate effect of depriving another of his right or to perpetrate an injury on him. A tort, on the other hand, is a legal wrong committed on the person or property of another, either a direct invasion, infraction of public duty or violation of private obligation by reason of which damages accrue. See Black's Law Dictionary.

As to the third cause of action for partition since plaintiffs in their reply allege legal title in persons other than themselves, and not in themselves, their petition fails to state a cause of action within the Partition chapter of the Code, 5307.

If an amended petition should be filed, it would seem proper to call attention to the six (6) year statute of limitations of §2305.07 **R. C.,** and the four (4) year statute of limitations of §2305.09 **R. C.** With respect to the latter, attention is called to the allegation that the fraudulent representation was made sometime prior to October 1952. The interval of time to filing of the petition is six and one-half (6-½) years.

Another difficulty to be apprehended is that the reply is inconsistent within itself. It alleges facts from which plaintiffs conclude the deed to be void. But follow with allegations that the deed (as a contract between grantors, the plaintiffs, and grantee, executor's decedent), is ineffective to pass title by reason of failure of consideration. This presupposes the execution of a valid deed.

Counsel for the executor is directed to prepare and submit to other

counsel and the guardian ad litem an entry in accordance with this decision and to the Court for approval according to rule. Leave should be given plaintiffs to further plead on or before December 19, 1959, and for failure of further pleading the case shall be considered for dismissal. Plaintiffs' exceptions are to be noted.